IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN FLEEGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:03cv735 |
| ) | |
| ANTHONY J. PRINCIPI, SECRETARY ) | |
| OF VETERAN'S AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration and disposition are DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS BASED UPON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, with brief in support ("Motion" and "Brief") (*Document Nos. 39 & 40*), and PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (*Document No. 44*).

Background

Plaintiff Susan Fleeger ("Fleeger") is a Registered Nurse who was employed at the VA Medical Center ("VA") in Butler, Pennsylvania. On or about December 31, 2001 and January 4, 2002, Plaintiff sent numerous letters of complaint about working conditions at the VA to various public officials and federal agencies, including the President of the United States, Senator Rick Santorum and the Joint Commission on Accreditation of Healthcare Organizations.

On or about January 13, 2002, while working at the VA, Plaintiff was involved in a confrontation with the family of a terminally ill cancer patient. The VA Medical Center Director determined that Plaintiff's conduct could constitute patient abuse, and that the situation was serious enough to warrant an Administrative Board of Investigation ("ABI"). Once the decision was made to convene an ABI regarding Plaintiff's conduct, she was removed from patient care and re-assigned to the file room pending the outcome of the investigation.

On or about March 5, 2002, the ABI issued a decision in which it determined that the alleged patient abuse was not substantiated. However, the ABI also concluded that Plaintiff had

acted unprofessionally, and recommended that appropriate management review Plaintiff's behavior.

On or about March 20, 2002, Fleeger filed a formal complaint of employment discrimination with the VA.  Brief, attachment A.  In her complaint, Fleeger alleged that the VA subjected her to "reprisal" after she filed complaints in 2001 and January of 2002 regarding working conditions.  *See id.*  The VA's Office of Resolution Management accepted the complaint and conducted an investigation.  Brief, attachment E at unnumbered 1.  The issue was framed as whether "[t]he complainant was subjected to harassment on the basis of reprisal for prior EEO activity ..."  Motion, attachment D at 3.  Plaintiff's original complaint of employment discrimination, as well as the various administrative notices sent to Plaintiff, do not reference a claim for whistleblowing.

At the conclusion of the investigation, Plaintiff requested an immediate final agency decision without a hearing.  *See* Brief, attachment E at unnumbered 1.  Thus, the complaint file was forwarded to the VA's Office of Employment Discrimination Complaint Adjudication for a final agency decision based on the administrative record.  *See id.*

By Final Agency Decision dated April 25, 2003, the Office of Employment Discrimination Complaint Adjudication concluded that Plaintiff "has not established by a preponderance of the evidence that the agency had discriminated against her with respect to the claims in the complaint."  Brief, attachment E at 15.  Like the VA's Office of Resolution Management, the Office of Employment Discrimination Complaint Adjudication framed the issue as "[w]hether the agency subjected [Plaintiff] to hostile environment harassment and constructive discharge based on reprisal for prior EEO activity ..." *Id.* at unnumbered 1.  Significantly, the opinion rendered by the Office of Employment Discrimination Complaint Adjudication contains no reference whatsoever to a claim for whistleblowing.  Instead, the opinion focuses exclusively on whether Defendant's conduct violated Title VII.

On May 22, 2003, Plaintiff filed a Complaint in federal district court in which she alleged one count of retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Plaintiff later filed an Amended Complaint in which she added a claim for retaliation pursuant to

the Civil Service Reform Act of 1978, as amended by the Whistleblower Protection Act of 1989 ("WPA"). Defendant moved for summary judgment on both counts of the Amended Complaint. In a Memorandum Opinion and Order filed on August 15, 2005, the Court granted Defendant's Motion for Summary Judgment with respect to Plaintiff's Title VII retaliation claim. However, the Court denied the Motion for Summary Judgment with respect to Plaintiff's WPA claim. Defendant now contends that it is entitled to judgment on the pleadings due to Plaintiff's failure to exhaust her administrative remedies with respect to the WPA claim.[1]

Standard of Review

Federal Rule of Civil Procedure 12(c) provides as follows:

> Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

A Rule 12(c) motion is reviewed in the same manner as a motion to dismiss under Rule 12(b)(6). *See, e.g., Rose v. Bartle,* 871 F.2d 331, 342 (3d Cir. 1989). The Court will grant a motion for judgment on the pleadings only if the movant establishes that there are no material issues of fact and, therefore, the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c); *see also Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir.1986).

Discussion

The Court finds and rules that Plaintiff has failed to exhaust her administrative remedies with respect to her WPA claim. As set forth above, it is clear that Plaintiff's WPA claim has never been raised, addressed, investigated or adjudicated by VA's Office of Resolution

---

[1] Apparently due to an oversight by former defense counsel, the issue of Plaintiff's failure to exhaust administrative remedies was not raised in Defendant's original summary judgment filings. However, the defense was asserted in Defendant's Answer to Plaintiff's Amended Complaint. *See* Document No. 15 at ¶ 43.

Management or the Office of Employment Discrimination Complaint Adjudication. Plaintiff's failure to exhaust her administrative remedies with regard to her WPA claim precludes the litigation of said claim in federal district court. *See Kelliher v. Veneman*, 313 F.3d 1270, 1274-75 (11th Cir. 2002); *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (citation omitted) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."); *Knollenberg v. Merit Systems Protection Bd.*, 953 F.2d 623, 625 (Fed. Cir. 1992); *Robinson v. Rubin*, 77 F. Supp. 2d 784, 792-93 (S.D. Tex. 1999) (Plaintiff's WPA claim barred due to failure to exhaust administrative remedies before either the employing agency's EEO department or the Merit Systems Protection Board).

Moreover, even if Plaintiff's WPA claim had been properly raised during prior administrative proceedings, the Court is unable to review the administrative decision under the appropriate standard of review. *See Kelliher*, 313 F.3d at 1274-75. As Defendant points out, "it is impossible for this Court to conduct such a review because there is no reference or analysis of (*sic*) the whistleblowing claim in the administrative record or final agency decision upon which this Court may review." Brief at 15. Accordingly, the Court will grant Defendant's Motion.

## Conclusion

For the reasons hereinabove set forth, Defendant's Motion for Judgment on the Pleadings Based Upon Plaintiff's Failure to Exhaust Administrative Remedies will be granted. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN FLEEGER,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) 2:03cv735 |
| **ANTHONY J. PRINCIPI, SECRETARY OF VETERAN'S AFFAIRS,** | ) |
| **Defendant.** | ) |

## ORDER OF COURT

AND NOW, this 9th day of November, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's Motion for Judgment on the Pleadings Based Upon Plaintiff's Failure to Exhaust Administrative Remedies (*Document No. 39*) is GRANTED. Judgment in favor of Defendant will be entered and the Clerk shall mark this case as closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Neal A. Sanders, Esquire
      Law Office of Neal Alan Sanders
      1924 North Main Street Extension
      Butler, PA 16001

      Albert W. Schollaert, AUSA
      Email: albert.schollaert@usdoj.gov

      Paul D. Kovac, AUSA
      Email: paul.kovac@usdoj.gov

      Mark Frasinelli, Esquire
      Department of Veterans Affairs
      VA Pittsburgh Healthcare System
      7180 Highland Drive
      Pittsburgh, PA 15206-1297